# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCIA DAY DONDIEGO, *et al.*, | : | Civil Action No.: 5:22-cv-02111-JMG |
| Plaintiffs, | : : : | |
| | : | Hon. John M. Gallagher |
| v. | : : | United States District Court Judge |
| LEHIGH COUNTY BOARD OF ELECTIONS, *et al.*, | : : : | **BRIEF IN SUPPORT OF MOTION TO INTERVENE** |
| Defendants, | : : | |
| | : | Filed on Behalf of Proposed Intervenors: |
| REPUBLICAN NATIONAL COMMITTEE and REPUBLICAN PARTY OF PENNSYLVANIA, | : : : : | Republican National Committee and Republican Party of Pennsylvania |
| Proposed Intervenors. | : : : : : : | |
| | : | Counsel of Record for this Party: |
| | : : | Thomas W. King, III, Esquire |
| | : | PA. ID. No. 21580 |
| | : : | tking@dmkcg.com |
| | : | Thomas E. Breth, Esquire |
| | : | PA. ID. No. 66350 |
| | : : | tbreth@dmkcg.com |
| | : | Michael D. Shakley, Esquire |
| | : | PA. ID. No. 329461 |
| | : : : : : : : | mshakley@dmkcg.com |
| | : | **DILLON, McCANDLESS, KING,** |
| | : | **COULTER & GRAHAM, L.L.P.** |
| | : | 128 West Cunningham Street |
| | : | Butler, PA 16001 |
| | : | Telephone: (724) 283-2200 |
| | | Facsimile: (724) 283-2298 |

**TABLE OF CONTENTS**

# Contents

I.    BACKGROUND. .................................................................................................................. 3

II.    ARGUMENT. ..................................................................................................................... 5

    A.    THE COURT SHOULD GRANT THE REPUBLICAN COMMITTEES INTERVENTION OF RIGHT. ............................................................................................... 5

        1.    This Motion Is Timely. ............................................................................................. 6

        2.    The Republican Committees Have a Significant Interest In the Litigation. .................... 6

        3.    The Republican Committees' Ability To Protect Their Interests May Be Affected Or Impaired By Disposition of This Action. ................................................................. 8

        4.    The Republican Committees' Interests Are Not Adequately Represented By The Existing Defendants. ............................................................................................................... 10

    B.    ALTERNATIVELY, THE COURT SHOULD GRANT THE REPUBLICAN COMMITTEES PERMISSIVE INTERVENTION. ................................................................. 13

III.    CONCLUSION. ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) ........ 2
*Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) ..... 2
*Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) ............................................................................................................................................ 2
*Brody v. Spang*, 957 F.2d 1108 (3d Cir. 1992) ........................................................................... 13
*Burdick v. Takushi*, 504 U.S. 428 (1992) ...................................................................................... 8
*Citizens United v. Gessler*, 2014 WL 4549001 (D. Colo. Sept. 15, 2014) .................................... 7
*Clark v. Putnam Cnty.*, 168 F.3d 458 (11th Cir. 1999) ................................................................ 12
*Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-02070 (N.D. Ga. June 21, 2021) 2
*Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) ............................................................................................................................ 2
*Corona v. Cegavske*, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) ................... 2
*Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181 (2008) ..................................................... 10
*Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312 (D.C. Cir. 2015) ........................................................................................................................................ 11
*Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) .................................................................................................................................................... 3
*Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640 (W.D. Wis. Mar. 28, 2020) ............ 3
*Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007) .............................................. 12
*Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) .................................. 2
*Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214 (1989) ................................................. 8
*Fund For Animals, Inc. v. Norton*, 322 F.3d 728 (D.C. Cir. 2003) ............................................. 11
*Ga. State Conf. of the NAACP v. Raffensperger*, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) ....... 2
*Gear v. Knudson*, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) .................................................... 3
*Gilhool v. Chairman & Com. Phila. Cty. Bd. of Elections*, 306 F. Supp. 1202 (E.D. Pa. 1969) .... 7
*Harris v. Pernsley*, 820 F.2d 592 (3d. Cir. 1987) ..................................................................... 5, 8
*In re Fine Paper Antitrust Litig.*, 695 F.2d 494  (3d Cir. 1982) .................................................... 6
*In re Sierra Club*, 945 F.2d 776 (4th Cir. 1991) ......................................................................... 12
*Issa v. Newsom*, 2020 WL 3074351 (E.D. Cal. June 10, 2020) ................................................ 2, 9
*La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) ............................... 2, 11, 12
*League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) .......................................................................................................... 2
*Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) .................................... 3
*Libertarian Party of Pa. v. Wolf*, No. 20-2299, 2020 U.S. Dist. LEXIS 124200 (E.D. Pa. July 14, 2020) ......................................................................................................................................... 7
*McCormick v. Chapman*, 286 MD 2022 (Pa. Commw. Ct. 2022) ............................................... 13
*Meek v. Metro. Dade Cnty.*, 985 F.2d 1471 (11th Cir. 1993) ...................................................... 12
*Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) ......................... 2
*Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d. Cir. 1995) .......... 6
*NAACP v. New York*, 413 U.S. 345 (1973) ................................................................................... 6
*New Georgia Project v. Raffensperger*, No. 1:21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) ......................................................................................................................................... 2
*Nielsen v. DeSantis*, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) ........................................... 2

*Ohio Democratic Party v. Blackwell*, No. 04-1055, 2005 WL 8162665 (S.D. Ohio Aug. 26, 2005) .................................................................................................................................... 7
*Orloski v. Davis*, 564 F. Supp. 526 (M.D. Pa. 1983) ...................................................................... 7
*Pa. Dem. Party v. Boockvar*, 238 A.3d 345 (Pa. 2020) ......................................................... 2, 7, 12
*Pa. v. President of the United States*, 888 F.3d 52 (3d Cir. 2018) ..................................... 8, 10, 12
*Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) ..................................... 3, 9
*Pierce v. Allegheny Cty. Bd. of Elections*, 324 F. Supp. 2d 684 (W.D. Pa. 2003) ......................... 7
*Priorities USA v. Benson*, 448 F. Supp. 3d 755 (E.D. Mich. 2020) .............................................. 9
*Priorities USA v. Nessel*, 2020 WL 2615504 (E.D. Mich. May 22, 2020) .................................... 2
*Purcell v. Gonzalez*, 549 U.S. 1 (2006) ....................................................................................... 10
*Rep. Party of Pa. v. Degraffenreid*, No. 20A84 (S. Ct. Nov. 6, 2020) (Order of Alito, J.) .. 2, 9, 13
*Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005) ....................................................................... 8, 9
*Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) ............................................................................................................................. 2
*Stein v. Cortes*, 223 F. Supp. 3d 423 (E.D. Pa. 2016) .................................................................... 7
*Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) ..................... 2
*Thomas v. Andino*, 2020 WL 2306615 (D.S.C. May 8, 2020) ...................................................... 2
*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) ................................................. 10
*Trinsey v. Pa.*, 941 F.2d 224 (3d Cir. 1991) .................................................................................. 7
*United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021) ......................................... 2
*Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246 (10th Cir. 2001) ................................................ 12
*VoteAmerica v. Raffensperger*, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) ................................ 2
*Wood v. Raffensperger*, No. 1:20-cv-5155 (N.D. Ga. Dec. 22, 2020) .......................................... 2

**Statutes**

25 P.S. § 2831 ................................................................................................................................ 3
25 P.S. § 2834 ................................................................................................................................ 3
25 Pa. C.S. §§ 102 ........................................................................................................................ 11
52 U.S.C. § 10101 .......................................................................................................................... 5
52 U.S.C. § 30101 ...................................................................................................................... 3, 4

**Rules**

Fed. R.C.P. Rule 24(a) ........................................................................................................... passim

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCIA DAY DONDIEGO, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 5:22-cv-02111-JMG |
| | ) |
| v. | ) |
| | ) Hon. John M. Gallagher |
| LEHIGH COUNTY BOARD OF ELECTIONS, *et al.*, | ) United States District Court Judge |
| | ) |
| Defendants. | ) |

## THE REPUBLICAN COMMITTEES' BRIEF IN SUPPORT OF MOTION TO INTERVENE

The Republican Party of Pennsylvania and the Republican National Committee (collectively, the "Republican Committees"), support and seek to uphold free and fair elections for all Pennsylvanians. Accordingly, the Republican Committees seek to intervene as Defendants in this case to defend the General Assembly's duly enacted laws under which they, their candidates, their voters, and their supporters exercise their constitutional rights to vote and to participate in elections in Pennsylvania.

Plaintiffs' Complaint asks the Court to invalidate two vital rules that facilitate mail-in and absentee voting in Pennsylvania: the Secrecy Envelope Rule and the Election Day Receipt Deadline. The Republican Committees maintain that these commonsense and constitutional rules, together with other provisions of the Pennsylvania Election Code, advance the right to vote, accommodate voters, protect the integrity of and public confidence in Pennsylvania's elections, and reduce the likelihood of fraud. The Republican Committees therefore have actively supported the Secrecy Envelope Rule and the Election Day Receipt Deadline in the past, including in state-court litigation in which the Secretary of the Commonwealth sought invalidation of those rules

1

and the Pennsylvania Supreme Court granted the Republican Party of Pennsylvania intervention to defend them. *See Pa. Dem. Party v. Boockvar*, 238 A.3d 345 (Pa. 2020); *see also Rep. Party of Pa. v. Degraffenreid*, No. 20A84 (S. Ct. Nov. 6, 2020) (Order of Alito, J.).

In fact, courts across the country routinely grant intervention to political party committees in similar cases, recognizing that such committees have an interest in defending requests for judicial changes to election laws.[1] Here as well, the Republican Committees have a substantial

---

[1] *See La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) (granting intervention of right to county party committees, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee); *United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021) (granting intervention to the RNC, NRSC, and Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) (granting intervention to the RNC, NRSC, NRCC, and Georgia Republican Party); *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-02070 (N.D. Ga. June 21, 2021) (same); *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) (same); *Ga. State Conf. of the NAACP v. Raffensperger*, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) (same); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) (same); *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (same); *VoteAmerica v. Raffensperger*, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) (same); *Wood v. Raffensperger*, No. 1:20-cv-5155 (N.D. Ga. Dec. 22, 2020) (granting intervention to the DSCC and Democratic Party of Georgia); *Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the

and particularized interest in defending this action to preserve the electoral environment and to ensure that Pennsylvania carries out free and fair elections.

Accordingly, as explained more fully below, the Court should grant the Republican Committees intervention of right under Fed. R.C.P. Rule 24(a). The Republican Committees have a right to intervene because this motion is timely and the Republican Committees have a substantial interest in the validity of Pennsylvania's election framework—an interest they can protect only by participating in these cases. In the alternative, and at a minimum, the Court should grant the Republican Committees permissive intervention under Rule 24(b) because their defenses share common questions of law and fact with the existing parties, and intervention will not result in any delay or prejudice. As required by Rule 24(c), the Republican Committees have attached a proposed Answer to Plaintiffs' Complaint.

## I.  BACKGROUND.

*The Republican Committees*. The Republican Party of Pennsylvania is a major political party, 25 P.S. § 2831(a), and the "State committee" for the Republican Party in Pennsylvania, 25 P.S. § 2834, as well as a federally registered "State Committee" of the Republican Party as defined by 52 U.S.C. § 30101(15). The Republican Party of Pennsylvania on behalf of itself and its members nominates, promotes, and assists Republican candidates seeking election or appointment to federal, state, and local office in Pennsylvania. It works to accomplish this purpose by, among other things, devoting substantial resources toward educating, mobilizing, assisting,

---

Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

and turning out voters in Pennsylvania. The Republican Party of Pennsylvania has made significant contributions and expenditures in support of Republican candidates up and down the ballot and in mobilizing and educating voters in Pennsylvania in the past many election cycles and intends to continue doing so in 2022 and beyond. The Republican Party of Pennsylvania has a substantial and particularized interest in ensuring that Pennsylvania carries out free and fair elections.

The Republican National Committee ("RNC") is the national committee of the Republican Party as defined by 52 U.S.C. § 30101(14). The RNC manages the Republican Party's business at the national level, including development and promotion of the Party's national platform and fundraising and election strategies; supports Republican candidates for public office at all levels across the country, including those on the ballot in Pennsylvania; and assists state parties throughout the country, including the Republican Party of Pennsylvania, to educate, mobilize, assist, and turn out voters. The RNC has made significant contributions and expenditures in support of Republican candidates up and down the ballot and in mobilizing and educating voters in Pennsylvania in the past many election cycles and intends to continue doing so in 2022 and beyond. The RNC has a substantial and particularized interest in ensuring that Pennsylvania carries out free and fair elections.

*Procedural History*. Plaintiffs are "Democrat Northampton County voters" and "Democrat Lehigh County voters" who filed this suit against the Lehigh County Board of Elections, Northampton County Board of Elections, and the Acting Secretary of the Commonwealth on May 31. Compl. ¶¶ 2-3 (ECF No. 1). They allege that they attempted to cast ballots in the May 17, 2022 Democratic primary election but that election officials declined to count those ballots due to noncompliance with the Secrecy Envelope Rule or the Election Day Receipt Deadline. *See id.*

They purport to plead challenges to those two rules under the federal materiality provision, 52 U.S.C. § 10101(a)(2)(B), and the U.S. Constitution. *See id.* ¶¶ 39-86.

Plaintiffs filed an emergency motion for temporary restraining order on May 31. *See* ECF No. 2. The Court convened a status conference, *see* ECF No. 9, and entered an agreed order the next day, *see* ECF No. 11, which it later modified with the parties' consent, *see* ECF No. 15. The Court has set an evidentiary hearing in the matter for Wednesday, June 8. *See* ECF No. 16. Motions for summary judgment and Defendants' answers are due on Friday, June 10. *See* ECF No. 11. To date, no Defendant has filed a responsive pleading to Plaintiffs' complaint.

## II.     ARGUMENT.

The Court should grant the Republican Committees intervention of right because they satisfy all four requirements of Rule 24(a). In the alternative, and at a minimum, the Court should grant permissive intervention under Rule 24(b).

### A.     THE COURT SHOULD GRANT THE REPUBLICAN COMMITTEES INTERVENTION OF RIGHT.

Intervention of right is appropriate when, upon a timely motion, a party:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To satisfy Rule 24(a)(2), a movant must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d. Cir. 1987). The Republican Committees readily meet each of these four requirements, entitling them to intervention of right.

1. **This Motion Is Timely.**

It cannot be disputed that the Republican Committees' Motion is timely. The timeliness of a motion to intervene is "determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.'" *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973)). The Third Circuit has outlined three factors to be considered when assessing the timeliness of a motion to intervene: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d. Cir. 1995) (citing *In re Fine Paper Antitrust Litig.* at 500). Concerning the assessment of the stage of the proceeding, the critical inquiry is the degree to which any proceedings of substance on the merits have occurred. *Mt. Top*, 72 F.3d. at 369. The prejudice inquiry is related, as the later in the proceedings the motion to intervene is filed, the greater the likelihood of prejudice to the opposing parties. *See In re Fine Paper Antitrust Litig.* at 500.

These factors support the Republican Committees' intervention for a simple reason: this litigation has only just begun. The Complaint was filed just six days ago, and the named Defendants have not yet filed a responsive pleading. Accordingly, no prejudice to Plaintiffs or the currently named Defendants would result by allowing the Republican Committees to intervene. To the contrary, permitting the Republican Committees to intervene at this point will allow them to assert their defenses without any delay or disruption to the litigation. The Motion is timely.

2. **The Republican Committees Have a Significant Interest In the Litigation.**

The Republican Committees satisfy the second prong of Rule 24(a) because they have "an interest relating to the property or transaction that is the subject of the action": the Secrecy Envelope Rule and the Election Day Receipt Deadline. Fed. R. Civ. P. 24(a)(2). Indeed, the

Pennsylvania Supreme Court has previously recognized that the Republican Party of Pennsylvania has an interest in defending these rules sufficient to warrant intervention. *See Pa. Dem. Party*, 238 A.3d 345. And, as noted, courts across the country, *see supra* n.1, and even in Pennsylvania have recognized that political party committees have an interest in intervening in cases implicating election laws and procedures.[2]  As one court has noted, committees of the Republican Party have "an interest in the subject matter of [a] case," when "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the . . . Republican Party." *See Ohio Democratic Party v. Blackwell*, No. 04-1055, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005).  Indeed, given political parties' unique interest in elections, usually "[n]o one disputes" that they "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Colo. Sept. 15, 2014).

It is easy to see why. The Republican Committees have a clear and obvious interest—on behalf of themselves as well as their voters, candidates, and volunteers—in the rules under which the Committees and those individuals exercise their constitutional rights to vote and to participate

---

[2] *See, e.g.*, *Trinsey v. Pa.*, 941 F.2d 224, 226 (3d Cir. 1991) (noting the district court granted the Republican State Committee of Pennsylvania leave to intervene in suit challenging state law governing the special election procedure for filling a senatorial vacancy); *Libertarian Party of Pa. v. Wolf*, No. 20-2299, 2020 U.S. Dist. LEXIS 124200, *9 (E.D. Pa. July 14, 2020) (noting Pennsylvania Democratic Party's intervention in suit seeking invalidation of in-person signature and witnessing requirements for minor political party candidates seeking to qualify for the November ballot); *Stein v. Cortes*, 223 F. Supp. 3d 423, 429 (E.D. Pa. 2016) (addressing recount demand for 2016 general election ballots and noting the intervention of the Pennsylvania Republican Party); *Pierce v. Allegheny Cty. Bd. of Elections*, 324 F. Supp. 2d 684, 688 (W.D. Pa. 2003) (addressing Republican challenge to third-party delivery of absentee ballots and noting the intervention of the Pennsylvania Democratic Party); *Orloski v. Davis*, 564 F. Supp. 526, 529 (M.D. Pa. 1983) (noting Pennsylvania Democratic State Committee's intervention in suit challenging Pennsylvania statute governing election of Commonwealth Court judges); *Gilhool v. Chairman & Com. Phila. Cty. Bd. of Elections*, 306 F. Supp. 1202, 1205 (E.D. Pa. 1969) (allowing Philadelphia County Democratic Executive Committee and Republican City Committee to intervene in suit to enjoin the City of Philadelphia from using voting machines allegedly favoring major party candidates).

in elections in Pennsylvania. *See, e.g.*, *Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 222–23 (1989) (recognizing that the First Amendment protects campaigning and certain activities by political parties and their adherents); *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) ("It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.'"). That interest includes expenditure of "substantial resources toward educating, mobilizing, assisting, and turning out voters in Pennsylvania" and supporting "Republican candidates up and down the ballot." *See supra* pp. 3-4.

The Republican Committees also have an obvious interest in advancing the overall electoral prospects of Republican candidates in Pennsylvania, and in winning elections in the Commonwealth. That interest entails an interest in maintaining the "competitive environment" surrounding elections in Pennsylvania. *Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005). Indeed, because their supported candidates seek election or reelection "in contests governed by the challenged rules" enacted in SB 1, the Republican Committees have an interest in "demand[ing] adherence" to those requirements and preventing changes to the "competitive environment" those rules foster. *Id.* at 85, 88.

For these reasons, the Republican Committees satisfy Rule 24(a)'s interest requirement.

**3.     The Republican Committees' Ability To Protect Their Interests May Be Affected Or Impaired By Disposition of This Action.**

Rule 24(a)'s impairment inquiry is "practical" and minimal: it asks only whether disposition of the action may impair the movant's ability to protect its interests. Fed. R. Civ. P. 24(a)(2); *see also Harris*, 820 F.2d at 596. In evaluating this factor, courts "may consider any significant legal effect on the applicant's interest, including a decision's *stare decisis* effect or a proposed remedy's impact on the applicant for intervention." *Pa. v. President of the United States*, 888 F.3d 52, 59 (3d Cir. 2018) (internal quotation marks omitted). The Third Circuit also adheres

to a "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Id*.

An injunction against the Secrecy Envelope Rule or the Election Day Receipt Deadline, such as Plaintiffs seek in this case, would undermine the Republican Committees' interest in those rules and could imperil those interests in the 2022 general election and beyond. For one thing, such an injunction could impair the Republican Committees' participation in elections on behalf of themselves, their voters, their supporters, and their candidates, and could require the Republican Committees to change their voter-education and mobilization programs and to reallocate, and even increase, their expenditure of resources on those programs. *See, e.g.*, *Paher*, 2020 WL 2042365, at *2 (holding that an injunction invalidating a state election rule could disrupt a political party's efforts to educate and turn out voters and to facilitate "the election of . . . candidates" it supports); *see also Issa*, 2020 WL 3074351, at *3. For another, an injunction may also affect the Republican Committees' ability to protect their interest in maintaining the competitive environment in which their supported candidates seek election in Pennsylvania—and could even go so far as to "fundamentally alter th[at] environment." *Shays*, 414 F.3d at 86.

Indeed, an injunction against the Secrecy Envelope Rule or the Election Day Receipt Deadline could subject the Republican Committees to a "broader range of competitive tactics" from their opponents than Pennsylvania law otherwise "would allow." *Id.* Thus, an injunction could threaten prospective interference with Republican electoral opportunities or even "chang[e] the results" of some future election in Pennsylvania to the detriment of the Republican Committees, their voters, and their supported candidates. *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 764 (E.D. Mich. 2020); *see also Rep. Party of Pa.*, No. 20A84 (Order of Alito, J.).

9

An injunction invalidating the Secrecy Envelope Rule or the Election Day Receipt Deadline is especially problematic if—as Plaintiffs request—it issues on the eve of the 2022 general election and upends rules that the General Assembly enacted to facilitate free and fair elections in Pennsylvania. Such eleventh-hour changes to election rules threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006). This resulting confusion or loss of confidence may make it less likely that the Republican Committees' voters will vote that those voters will successfully vote in compliance with whatever judicially imposed rules are then in place, and ultimately that the Republican Committees' candidates will win. *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008).

Without intervention, the Republican Committees will have no ability to protect their interests in upholding the Secrecy Envelope Rule and the Election Day Receipt Deadline against the injunctions Plaintiffs seek and any judgment against Defendants. The Court should grant intervention.

**4.    The Republican Committees' Interests Are Not Adequately Represented By The Existing Defendants.**

The final requirement for intervention of right does not demand a showing that the representation of the movant's interest is for certain inadequate, only that it "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Once again, this burden is "minimal." *President of the United States*, 888 F.3d at 60.

And once again, the Republican Committees easily carry it. No party to this litigation shares—much less represents—the Republican Committees' unique interests in supporting Republican voters and candidates in participating in elections, in advancing Republican candidates' electoral prospects, or in Republican candidates winning elections. Thus, the plain text of Rule 24(a) is satisfied: *no* "existing part[y] . . . represent[s]"—"adequately" or otherwise—any

10

of the Republican Committees' unique "interest[s] relating to" the Secrecy Envelope Rule or the Election Day Receipt Deadline. Fed. R. Civ. P. 24(a)(2); *see also La Union Del Pueblo Entero*, 29 F.4th at 307-09.

Moreover, the named Defendants do not represent the Republican Committees interests, adequately or otherwise. While the Third Circuit has recognized "a rebuttable presumption of adequacy . . . if one party is a government entity charged by law with representing the interests of the applicant for intervention [,] that presumption is easily rebutted here." *President of the United States*, 888 F.3d at 60. Indeed, "where the entity's when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden [of overcoming that presumption] is comparatively light." *Id*. at 60-61 (internal quotation marks omitted); *see also, e.g.*, *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("[W]e look skeptically on government entities serving as adequate advocates for private parties.") (citing *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003)).

As the Fifth Circuit recently concluded, the "private interests" of committees of the Republican Party in upholding challenged election laws "are different in kind from the public interests of the State or its officials," including state and county election administrators. *La Union Del Pueblo Entero*, 29 F.4th at 309. Here, all of the named Defendants are statutorily required to remain impartial in elections, *see e.g.*, 25 Pa. C.S. §§ 102, 201, 301, so they cannot "in good faith" represent the Republican Committees' interests in supporting Republican voters, candidates, or electoral prospects, *see La Union Del Pueblo Entero*, 29 F.4th at 309.

Moreover, Defendants "have many interests that the Committees" do not, such as maintaining their relationship "with the courts" that routinely hear challenges to the

Commonwealth's election laws. *Id.* Indeed, Defendants must consider a "broad spectrum of views, many of which may conflict" with the Republican Committees' specific interests in advancing electoral participation by Republicans, maintaining the competitive electoral environment, and winning elections. *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001). These may include the "expense of defending" the current laws, *Clark v. Putnam Cnty.*, 168 F.3d 458, 461–62 (11th Cir. 1999); the "social and political divisiveness of the election issue," *Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007) (per curiam); and the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776, 779–80 (4th Cir. 1991). And for their part, the Lehigh County Board of Elections and Northampton County Board of Elections represent interests only in their respective counties, not the statewide interests the Republican Committees represent. *See, e.g.*, *La Union Del Pueblo Entero*, 29 F.4th at 308.

This potential divergence of interest between the Republican Committees, on the one hand, and the Acting Secretary, Lehigh County Board of Elections, and Northampton County Board of Elections, on the other, alone is sufficient to satisfy Rule 24(a)'s inadequacy-of-representation requirement. *See, e.g.*, *La Union Del Pueblo Entero*, 29 F.4th at 307-09; *President of the United States*, 888 F.3d at 60-61. Regrettably, if more were somehow needed, the legal positions of the named Defendants and the Republican Committees may well diverge in this case. In 2020, the Secretary of the Commonwealth asked the Pennsylvania Supreme Court to invalidate the Secrecy Envelope Rule and the Election Day Receipt Deadline, and the Pennsylvania Supreme Court granted the Republican Party of Pennsylvania intervention to defend those rules. *See Pa. Dem. Party*, 238 A.3d at 376 (Secrecy Envelope Rule); *id.* at 364-65 (Election Day Receipt Deadline). The Pennsylvania Supreme Court upheld the Secrecy Envelope Rule as a mandatory requirement

of mail-in and absentee voting, *see id.* at 378-80, but ordered an extension of the Election Day Receipt Deadline, *see id.* at 371-72, which the United States Supreme Court stayed on the Republican Party of Pennsylvania's application, *see Rep. Party of Pa.*, No. 20A84 (Order of Alito, J.). More recently, the Acting Secretary has asked the Pennsylvania Commonwealth Court to overturn the General Assembly's duly enacted date requirement for mail-in and absentee ballots, which the Republican Committees were granted intervention to defend. *See McCormick v. Chapman*, 286 MD 2022 (Pa. Commw. Ct. 2022). That the Acting Secretary (and the county boards of elections) may once again seek to set aside the General Assembly's Secrecy Envelope Rule or Election Day Receipt Deadline only underscores that they do not adequately represent the Republican Committees' interest in upholding them. *See, e.g.*, *Trbovich*, 404 U.S. at 538 n.10. The Court should grant the Republican Committees intervention of right.

**B.      ALTERNATIVELY, THE COURT SHOULD GRANT THE REPUBLICAN COMMITTEES PERMISSIVE INTERVENTION.**

Even if this Court declines to grant intervention of right, it still should grant the Republican Committees permissive intervention. Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is a "highly discretionary decision" left to the judgment of the district court. *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *accord Harris*, 820 F.2d at 597. In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

The Republican Committees check each box for permissive intervention. *First*, as explained above, their motion is timely. *See supra–Part* I.A.

13

*Second*, the Republican Committees will raise defenses that share many "common" questions with the parties' claims and defenses. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs contend that the Secrecy Envelope Rule and Election Day Receipt Deadline are unlawful and unconstitutional. The Republican Committees disagree and seek to vigorously defend those duly enacted state laws.

*Finally*, the Republican Committees' intervention will not delay this case or prejudice the parties. As explained above, this case has only begun, so intervention will impose no additional delay. *See supra*–Part I.A. The Republican Committees will follow any schedule the Court sets. And allowing the Republican Committees to intervene would prevent any piecemeal litigation or the need for collateral challenges to a settlement or appeals from an order that may prejudice them.

### III.   CONCLUSION.

The Court should grant the Republican Committees intervention of right or, in the alternative, permissive intervention.

Dated:  June 6, 2022

Respectfully Submitted,

**DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, L.L.P.**

By:   /s/ Thomas W. King, III
Thomas W. King, III
PA. ID. No. 21580
tking@dmkcg.com
Thomas E. Breth
PA. ID. No. 66350
tbreth@dmkcg.com
Michael D. Shakley
PA. ID. No. 329461
mshakley@dmkcg.com

128 West Cunningham St.
Butler, PA 16001
Telephone: 724-283-2200
*Counsel for Proposed Intervenors*