**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUTHANN BAUSCH, MARCIA DAY | : | JURY TRIAL DEMANDED |
| DONDIEGO, JUDITH REED, RHODA | : | BY PLAINTIFFS |
| EMEFA AMEDEKU, DANIEL | : | |
| STROHLER, SHARON STROHLER, | : | |
| BERNARD BOAKYE BOATENG, | : | Civ. No. 22-CV-02111 (JMG) |
| LORI RIEKER and LISA DANNER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY BOARD OF | : | |
| ELECTIONS, NORTHAMPTON | : | |
| COUNTY BOARD OF ELECTIONS | : | |
| and LEIGH M. CHAPMAN, | : | |
| in her capacity as Secretary of the | : | |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendants. | : | |

## STIPULATION OF FACTS

AND NOW, COME the parties to the action, and undersigned counsel, do hereby

stipulate and agree, for the purposes of the above-entitled action only, that the following facts are

undisputed except as otherwise noted:

1.     Defendant Lehigh County Board of Elections is the executive agency established

under the Pennsylvania Election Code with jurisdiction over the conduct of primaries and elections

and manages all aspects of elections in Lehigh County.  See 25 P.S. § 2641.  The Board's authority

includes canvassing and computing the votes cast in each of the county's election districts and then

certifying the results of each race to the Commonwealth of Pennsylvania's Secretary of State.  Id.

2.     Defendant Northampton County Board of Elections is the executive agency

established under the Pennsylvania Election Code with jurisdiction over the conduct of primaries

and elections and manages all aspects of elections in Northampton County.  See id.  The Board's authority includes canvassing and computing the votes cast in each of the county's election districts and then certifying the results of each race to the Commonwealth of Pennsylvania's Secretary of State. See id.

3.      Defendant Leigh M. Chapman ("Chapman") is the acting Secretary of the Commonwealth, who is charged with the duty, *inter alia*, to receive from county boards of elections the returns of primaries and elections, to canvass and compute the votes cast for candidates and upon questions as required by the provisions of this act; to proclaim the results of such primaries and elections, and to issue certificates of election to the successful candidates at such elections, except in cases where that duty is imposed by law on another officer or board.  See 25 P.S. 2601, et seq.

4.      The SURE system is Pennsylvania's centralized voter registration and voting activity management system. 25 Pa. Cons. Stat. § 1222. Counties have a statutory obligation to maintain records of the data all absentee and mail-ballots are applied for, sent to the voter, and received by the board. 25 P.S. §§ 3146.9(b)(5), 3150.17(b)(5).

5.      Plaintiffs Ruthann Bausch, Marcia Day Dondiego, and Judith Reed are among a group of 23 Democrat Northampton County registered voters and Rhoda Emefa Amedeku is among a group of 94 Democrat Lehigh County registered voters ("Plaintiffs 1") in State Senate District 14 whose timely-submitted mail-in ballots for the May 17, 2022, election were not placed in a "secrecy envelope" before being sent to the Election Boards. Defendant Chapman lacks information or belief with respect to the facts alleged in this paragraph but does not dispute them.

6.      Plaintiffs Daniel Strohler, Sharon Strohler, Bernard Boakye Boateng and Lori Reiker are among a group of 25 Democrat Northampton County registered voters and Lisa Danner

2

is among a group of 118 Democrat Lehigh County registered voters ("Plaintiffs 2") in State Senate District 14 whose mailed-in ballots for the May 17, 2022, election were not received by the Election Boards by 8:00 p.m. on May 17, 2022. Defendant Chapman lacks information or belief with respect to the facts alleged in this paragraph but does not dispute them.

7.      Plaintiffs 2's ballots were however received by Election Boards prior to the date that military and overseas ballots were due, and prior to the date that the Election Boards were to submit unofficial vote counts for statewide offices to the Commonwealth. Defendant Chapman lacks information or belief with respect to the facts alleged in this paragraph but does not dispute them.

8.      All Plaintiffs:

        a.      Are over age 18, U.S. citizens, and residents of Pennsylvania and their districts for more than 30 days, making them qualified electors, legally entitled to vote under the United States and Pennsylvania constitutions;

        b.      Voted a single ballot in the May 17, 2022, election and did so only by mail;

        c.      Mailed and/or deposited their ballot in a qualified dropbox for the Elections Boards;

        d.      Cast a mail ballot with identified defects— namely, Plaintiff 1's ballots did not contain a "secrecy envelope" and Plaintiff 2's ballots were not delivered by the USPS to the respective Elections Board prior to 8:00 p.m. on May 17, 2022;

        e.      Cast ballots that were otherwise properly completed and returned; and,

        f.      Did not have their ballot counted due to the aforementioned defects.

Defendant Chapman lacks information or belief with respect to the facts alleged in this paragraph but does not dispute them.

9.      Defendants Election Boards have issued notice that 260 mail-in ballots, including each of Plaintiffs' ballots, will be disqualified and excluded from tabulation due to the defects set forth above when the election is certified. One hundred and seventeen of them were not placed in

a secrecy envelope, and 143 of them were not received by 8:00 p.m. on May 17, 2022.  Defendant Chapman lacks information or belief with respect to the facts alleged in this paragraph but does not dispute them.

10.     In Pennsylvania, registered voters may vote by mail, either as an "absentee elector," if they satisfy prescribed conditions, like current military service or absence from jurisdiction on Election Day, or as a "mail-in" elector if they apply timely for a ballot, See 25 P.S. §§ 3146.1 and 3150.11, respectively.

11.     Under Pennsylvania law, virtually identical procedures govern how voters apply for, complete and return both absentee and mail-in ballots. Under the Pennsylvania Election Code, registered voters may request an absentee ballot, if they fulfill the requirements for voting absentee, or any registered voter may request a mail-in ballot from their county board of elections. Pennsylvania mail ballot applications require the voter to provide their name, address of registration, and proof of identification, 25 P.S. §§ 3146.2, 3150.12.

12.     Proof of identification includes either a Pennsylvania driver's license number, the last 4 digits of the voter's social security number, or a copy of a photo ID. 25 P.S. § 2602(z.5)(3). Once the county elections board verifies the voter's eligibility, they send an absentee or mail-ballot package that contains: 1) the ballot; 2) a "secrecy envelope" marked with the words "Official Election Ballot"; and 3) a pre-addressed outer return envelope that contains the voter declaration prescribed by law, which the voter must sign and date. All absentee and mail-in ballot return envelopes have unique barcodes associated with both the voter and that particular ballot, allowing for ballots to be tracked through SURE.

13.     The packet also contains instructions to the voter for marking their ballot and submitting it properly.

14.     The Secretary has issued guidance to all counties that "strongly encourage[s]" them to include an instructional insert which describes how the voter should mark and return their ballot and to clearly warn that ballots must be returned in the secrecy envelopes, or they will not be counted.  A   true   and   accurate   copy   of   this   guidance   is   available   at https://www.dos.pa.gov/VotingElections/OtherServicesEvents/Documents/DOS%20Guidance% 20Civilian%20Absentee%20and%20Mail-In%20Ballot%20Procedures.pdf   and   is   attached   as **Exhibit A**. Lehigh County uniformly includes such an instructional insert in its mail-ballot package, and a true and accurate copy of that instructional insert is attached as **Exhibit B**. Northampton County uniformly includes such an instructional insert in its mail-ballot package, and a true and accurate copy of that instructional insert is attached as **Exhibit C**.

15.     The Secretary's website informs voters that "Your ballot must be enclosed and sealed in the inner secrecy envelope that indicates 'official election ballot' or it will not be counted." It also informs voters, "Absentee and Mail-in Ballots must be received by 8 pm on election day at your county election board. To ensure your ballot is received by the deadline, return the ballot as soon   as   possible."   A   true   and   accurate   copy   of   this   public   advisory   is   available   at https://www.vote.pa.gov/Voting-in-PA/Pages/Mail-and-Absentee-Ballot.aspx and   is   attached   as **Exhibit D**. The public advisory notifies voters who choose to mail their ballots that "Postmarks do not count. If your ballot is not received by the county election board by 8 pm on election day, it will not be counted."

16.     Under Pennsylvania law, mail-ballot voters are required to mark their ballot, place it in the secrecy envelope, and then place the secrecy envelope in the outer return envelope.  Id. §§ 3146.6(a) and 3150.16(a).

17.     The voter delivers the entire package by mail/dropbox or by hand to their county

elections board, and delivery is timely if made by 8:00 p.m. on Election Day.  Id. §§ 3146.6(c) and 3150.16(c).

18.    If a voter is concerned that it is too late for them to mail their ballot, she may also hand-deliver her ballot before 8 pm on election day to: (1) her county election office, (2) other officially designated sites in her county, if available, or (3) drop boxes that some counties make available. 25 P.S. §§ 3146.6(a), 3150.16(a).

19.    In Lehigh County, the Board of Elections was open to receive hand-delivered ballots during the May Election before 8 p.m. on Election Day. In addition, Lehigh County maintained 5 drop-boxes in the county. A list of these drop-boxes and the hours during which ballots could be dropped off at them is available at https://www.lehighcounty.org/Portals/0/PDF/Voter/Drop%20Box%20Locations.pdf?ver=82clbjs_K4be GJH3T26PYQ%3d%3d, and attached as **Exhibit E**.

20.    In Northampton County, the Board of Elections was open to receive hand-delivered ballots during the May Election before 8 p.m. on Election Day. In addition, Northampton County maintained 4 drop-boxes in the county. A list of these drop-boxes and the hours during which ballots could be dropped off at them is available at, https://www.northamptoncounty.org/CTYADMN/ELECTNS/Pages/AbsenteeVoting.aspx,  and attached as **Exhibit F**.

21.    Lehigh County updates the status of mail-in ballots in the SURE system upon their receipt, which informs voters by email (if the voter has provided an email address) and online via the Department of State's PA Voter services page.  Thus, Lehigh County mail-ballot voters may check up until election day to determine if their ballot has been received. Whether or not their ballot is counted is not recorded until later in the process.

22.    Northampton County updates the status of mail-in ballots in the SURE system upon

6

their receipt, which informs voters by email (if the voter has provided an email address) and online via the Department of State's PA Voter services page.  Thus, Northampton County mail-ballot voters may check up until election day to determine if their ballot has been received. Whether or not their ballot is counted is not recorded until later in the process.

23.     Military and overseas ballots are deemed timely submitted if received by the county board by 5:00 p.m. on the seventh (7th) day following the election.  See 25 P.S. §3511; 52 U.S.C. §§ 20301-20311.

24.     Each county board of elections is required to submit unofficial returns for statewide offices to the Secretary of the Commonwealth by 5:00 p.m. on the Tuesday following the election. 25 P.S. § 3154(f).

25.     The unofficial returns for statewide offices submitted to the Secretary of the Commonwealth include a notification on the form of the following:

    a.      The votes canvassed (counted) relative to each statewide candidate;

    b.      The number of ballots that remain outstanding, which can include any ballot being challenged or questioned under the Pennsylvania Election Code, that may include, but are not limited to the following:

    •       Provisional ballots;

    •       Military and/or overseas ballots; and,

    •       Disputed ballots under the Pennsylvania Election Code.

26.     Nothing in the Pennsylvania Election Code or law provides for a notification to the Secretary of the Commonwealth for ballots received after the return deadline for the election.

27.     In the 2020 election, the Secretary argued in support of an extension of the

7

deadline for receipt of mail-ballots based on unprecedented delays in the U.S. Postal Service's delivery of ballots. The Secretary's position was rooted in the equitable powers of the courts, and the unique circumstances presented in the 2020 General Election. The Secretary's position was accepted by the Supreme Court of Pennsylvania and subsequently challenged before the United States Supreme Court, which ultimately found the petition before it to be moot. On March 6, 2020, Governor Wolf declared a disaster emergency due to the coronavirus (COVID-19) pandemic. Governor Tom Wolf, Proclamation of Disaster Emergency, Commonwealth of Pennsylvania, Office of the Governor (Mar. 6, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf. That state of emergency was continued by subsequent gubernatorial proclamations, the last of which was on May 20, 2021. Governor Tom Wolf, Amendment to Proclamation of Disaster Emergency, Commonwealth of Pennsylvania, Office of the Governor (May 20, 2021), https://www.pema.pa.gov/Governor-Proclamations/Documents/Proclamation-Amending-Disaster-Emergency-COVID19-052021.pdf. On June 9, 2021 the General Assembly voted in favor of a concurrent resolution that terminated the disaster emergency declared on March 6, 2020, pursuant to Section 20(c) of Article IV of the Constitution of Pennsylvania. H.R. Con. Res. 836, 2020 Gen. Assemb., Reg. Sess. 2019-20 (Pa. 2020).

28.     It is the position of Defendant Chapman that the interior secrecy envelope serves to safeguard individual votes from public disclosure. Notwithstanding, it is the position of Defendant Chapman that a voter's failure to include the interior secrecy envelope does not compromise the ballot and does not evidence fraud or in any way undermine the voting process.

RESPECTFULLY SUBMITTED:

ON BEHALF OF PLAINTIFFS:

By: */s/ Matthew Mobilio, Esq.*                     Date: June 7, 2022

Mathew Mobilio, Esq.
Mobilio Wood
609 W. Hamilton St., Suite 301
Allentown, PA 18101-2111
(484) 707 - 1331


ON BEHALF OF LEHIGH COUNTY BOARD OF ELECTIONS

By: */s/ Lucas J. Repka, Esq.*                     Date: June 7, 2022

Lucas J. Repka, Esq.
108 East Center Street
Nazareth, PA 18064
(610) 365 - 2670


ON BEHALF OF THE ACTING SECRETARY OF THE COMMONWEALTH OF
PENNSYLVANIA

By: */s/ Kathleen A. Mullen, Esq.*                     Date: June 7, 2022

Kathleen A. Mullen, Esq.
Pennsylvania Office of Chief Counsel
Department of State
306 North Office Building
Harrisburg, PA 17120
(717) 783 - 0839


ON BEHALF OF NORTHAMPTON COUNTY BOARD OF ELECTIONS

By: */s/ Richard E. Santee, Esq.*                     Date: June 7, 2022

Richard E. Santee, Esq.
Assistant Solicitor
County of Northampton
669 Washington Street
Easton, PA 18042
(610) 829 - 6350

9