# DILLON MCCANDLESS KING COULTER & GRAHAM L.L.P.
### ATTORNEYS AT LAW

THOMAS W. KING III
JAMES P. COULTER
DONALD P. GRAHAM
MICHAEL D. HNATH
MATTHEW F. MARSHALL
THOMAS E. BRETH
RONALD T. ELLIOTT
PATRICK V. HAMMONDS
_____

ANDREA C. PARENTI
JORDAN P. SHUBER
ROBERT W. GALBRAITH
ANTHONY COSGROVE
MICHAEL D. SHAKLEY
MEGAN A. MARIANI
_____

THOMAS J. MAY, Of Counsel
MARY JO DILLON, Of Counsel

128 WEST CUNNINGHAM STREET
BUTLER, PA 16001

(724) 283-2200

FACSIMILE (724) 283-2298

CRANBERRY OFFICE:

600 CRANBERRY WOODS DRIVE, STE. 175
CRANBERRY TWP., PA 16066
(724) 776-6644
FACSIMILE (724) 776-6608

June 15, 2022

**VIA ELECTRONIC FILING**
United States District Court
Eastern District Of Pennsylvania

       Re: *Dondiego v. Lehigh County Board Of Elections*, No. 22-2111

Dear Judge Schmehl:

       Intervenor-Defendants the Pennsylvania Republican Party ("RPP") and Republican National Committee ("RNC") respectfully file this response to Plaintiffs' June 15, 2022 letter. *See* Dkt. No. 45. For at least three reasons, the Court should decline Plaintiffs' request to dismiss this suit on the terms Plaintiffs request.

       *First*, Plaintiffs' letter contains two material misstatements. In the first place, "the parties" have *not* "fully and finally settled this matter." Dkt. No. 45 at 1. Instead, Plaintiffs have purported to enter into settlement agreements with only the Lehigh County Board of Elections, *see* Dkt. No. 43, and the Northampton County Board of Elections, *see* Dkt. No. 44. Neither the Acting Secretary of the Commonwealth, who is a named defendant in this action, nor RPP and RNC, who were granted intervention as defendants, *see* Dkt. No. 31, are parties to the purported settlement agreements.

       Similarly, "the parties" do *not* "request that this matter be marked settled, discontinued, and dismissed with prejudice." Dkt. No. 45 at 1. To the contrary, RPP and RNC oppose dismissal of this suit on the terms Plaintiffs request.

### DILLON MCCANDLESS KING COULTER & GRAHAM L.L.P.

June 15, 2022
Page 2

*Second*, RPP and RNC have filed "an answer" to Plaintiffs' complaint and have not signed a "stipulation of dismissal," so dismissal under Rule 41(a)(1) is unavailable. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).

*Finally*, the purported settlement agreements violate the Pennsylvania Election Code. The Pennsylvania Election Code prohibits any "person overserving, attending or participating in the pre-canvass meeting" from "disclos[ing] the results of any portion of any pre-canvass meeting prior to the close of the polls." 25 P.S. § 3146.8(g)(1.1). But the agreements purport to *require* precisely that: each agreement would obligate the county board of elections to "notify all voters whose Naked Ballots are discovered *prior to*" the close of the polls "and/or provide the names of such voters to the party and/or candidate representative(s) who are on-site during pre-canvassing." Dkt. No. 243 ¶ 7(a) (emphasis added); *see also* Dkt. No. 244 ¶ 8(a). The settlement agreements are therefore "illegal and void" and cannot support dismissal of Plaintiffs' suit. *Dippel v. Brunozzi*, 74 A.2d 112, 114 (Pa. 1950) ("[A]n agreement which violates a provision of a statute, or which cannot be performed without violation of such a provision, is illegal and void.").

The Court therefore should decline Plaintiffs' request to dismiss this suit on the terms Plaintiffs request and set a status conference to discuss further proceedings in this case.

Respectfully submitted,

**DILLON McCANDLESS KING COULTER & GRAHAM, LLP**

/s/ Thomas W. King, III
Thomas W. King, III, Esq.