# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCIA DAY DONDIEGO, et al.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  22-2111** |
| | : | |
| **LEHIGH COUNTY BOARD OF** | : | |
| **ELECTIONS, et al.** | : | |

# O R D E R

        **AND NOW,** this 16th day of June, 2022, it is **ORDERED** that this matter is **DISMISSED** with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [1]

---

[1] That Rule provides, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." By letter dated June 15, 2022, Plaintiff's counsel advised the Court that "the parties have fully and finally settled this matter and respectfully request that this matter be marked settled, discontinued, and dismissed with prejudice."  At 11:35 p.m. that same evening, Intervenor-Defendants Pennsylvania Republican Party and Republican National Committee filed a letter requesting that the Court "decline Plaintiff's request to dismiss this suit on the terms Plaintiffs request." The Intervenor-Defendants main contention for opposing the settlements is that the settlements violate the Pennsylvania Election Code.

In evaluating whether a non-settling party is prejudiced by a proposed settlement in the Rule 41(a)(2) context, it is legal prejudice *"from the dismissal of the suit"* that the Court considers, rather than "the alleged illegality of the settlement agreement that motivated the motion." *SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.,* 261 F.Supp.2d 1002, 1006–07 (N.D.Ill.2003) (emphasis in original). Formal legal prejudice occurs where a non-settling defendant is "strip[ped] of a legal claim or cause of action," *Alumax Mill Prods., Inc. v. Congress Fin. Corp.,* 912 F.2d 996,1001–02 (8th Cir.1990), or where the agreement restricts his right to seek indemnification or contribution, *Agretti v. ANR Freight Sys., Inc.,* 982 F.2d 242, 247 (7th Cir.1992). As such, legal prejudice is most commonly found where the settlement attempts to thwart a specific legal right of the non-settling party, such as "a partial settlement which purports to strip [a non-settling defendant] of a legal claim or cause of action ...; a settlement that invalidates the contract rights of one not participating in the settlement ...; [or where] the proposed settlement would eliminate [a non-settling defendant's] right to assert an *in pari delicto* defense." *SmithKline,* 261 F.Supp.2d at 1006–07 (citing *Waller v. Financial Corp. of America,* 828 F.2d 579, 582–83 (9th Cir.1987)).

On the other hand,  a "showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient" to meet the standard. *Bragg v. Robertson,* 54 F.Supp.2d 653, 664 (S.D.W.V.1999) (quoting *Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir.1983)) (noting that this standard properly balances the law's encouragement of settlements with the court's duty to protect the rights of the parties before it). Indeed, in *SmithKline,* the

The hearing scheduled for June 21, 2022 is **CANCELED**

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

**district court specifically rejected the contention that the alleged illegality of a settlement agreement constituted the type of legal prejudice contemplated by Rule 41(a) (2).** *SmithKline*, **261 F. Supp. 2d at 1006-07.**

**The Court finds that the terms of dismissal are proper and that, under Rule 41(a)(2), the consent of the non-settling Intervenor-Defendants to the terms of the settlement is immaterial. The Court certainly takes no position on the alleged illegality of the settlement agreements. The Intervenor-Defendants will not suffer any legal prejudice from the dismissal of this action as they are free to assert their positions in future actions.**